**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **L. BRENT BOZELL, III** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv1097 |
| | ) | (CMH/BRP) |
| | ) | |
| **COMPASS CARE, INC.,** | ) | |
| | ) | |
| ***et al.*** | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**RESPONSE BY PLAINTIFF L. BRENT BOZELL, III**
**IN OPPOSITION TO DEFENDANTS' MOTION TO**
**DISMISS FOR IMPROPER VENUE**

Citing Fed R. Civ. P. 12(b)(3), defendants Compass Care and Erickson have moved to dismiss this action on the ground of improper venue. Defendants do not say so, but plaintiff assumes that they base their request for dismissal on 28 U.S.C. § 1406(a).

Alternatively, defendants seek transfer of this action to the United States District Court for the District of South Dakota. Defendants do not mention either statute, but in seeking transfer of venue they presumably rely either on the alternative remedy permitted under 28 U.S.C. § 1406(a), or on the change of venue provision in 28 U.S.C. § 1404(a).[1]

For the reasons set out below, plaintiff L. Brent Bozell, III (Bozell) opposes defendants' motions.

---

[1] Defendants cite *forum non covneniens* as the basis for their request that this lawsuit be transferred, Motion at 11, but they cannot mean that. The common-law doctrine of *forum non conveniens* "has continuing application [in federal courts] only in cases where the alternative forum is abroad." *American Dredging Co. v. Miller*, 510 U.S. 443, 447-448, 114 S. Ct. 981, 127 L.Ed.2d 285 (1994).

## The Complaint

This lawsuit arises out of a $200,000 loan made in February 2006 by plaintiff Bozell to Compass Care. By agreement, the loan was to be repaid in full (plus $100,000 in interest) in February 2007. Repayment of the loan was personally guarantied by Erickson. When Compass Care failed to repay the loan when due, Bozell made demand on Erickson for payment. Erickson issued his personal check to Bozell in the amount of $200,000, but that check bounced. Shortly before this lawsuit was filed, again using a personal check, Erickson paid Bozell $10,000 in partial satisfaction of the unpaid amount of the loan. Complaint §§ 7-22.

Plaintiff Bozell has sued the defendants in three counts: (1) breach of contract against Compass Care for its failure to repay the loan and the promised interest; (2) breach of contract against Erickson for his failure to honor his guaranty of repayment; and (3) violation by Erickson of Virginia's bounced check statute.

## Defendants' Motions

Defendants concede diversity jurisdiction. Motion at 1. In addition, they do not appear to dispute personal jurisdiction. Their motion mentions only Fed. R. Civ. P. 12 (b)(3) (improper venue) as the basis for their requested relief. It does not mention Rule 12(b)(2) (lack of personal jurisdiction). Their motion therefore seems to present a pure question of venue.[2]

## Argument

### 1. Motion to Dismiss for Improper Venue

In order to overcome a motion to dismiss for improper venue when no evidentiary hearing is held, plaintiff Bozell need make only a prima facie showing of venue. *Mitrano v. Hawes*, 377 F.3d 402,405 (4th Cir. 2004). Plaintiff Bozell has

---

[2] In addition to arguing venue principles, defendants' argument includes discussions of long-arm jurisdiction, minimum contacts, and the like. Motion at 6-11. Plaintiff does not read defendants' references to personal jurisdiction jurisprudence, though, as an assertion of lack of personal jurisdiction over them.

alleged venue in this judicial district based on 28 U.S.C.
§1391 (a)(2), which provides that an action founded in
diversity may be brought in "a judicial district in which a
substantial part of the events or omissions giving rise to the
claim occurred. . . ."

The linchpin of defendants' motion to dismiss is their
argument that "from a venue objection, the only facts that
should be reviewed and tested are the facts that led up to the
transferring of the money between the Plaintiff and the
Defendants."  Motion at 3.  Defendants go on to characterize
the lawsuit in this way: "the gravamen of the offense is the
inducement of the Plaintiff to invest money with the
Defendants."  Motion at 4.

Defendants are wrong about the scope of this Court's
consideration of the Complaint, and they are wrong in what they
say this case is about.

In *Mitrano*, the Fourth Circuit spoke directly to the
proper role of a district court in considering a challenge to
venue.  In assessing whether events or omissions are
sufficiently substantial to support venue in a particular
judicial district, it held, a court should focus not just on
selected events (as defendants urge here), but on the entire
sequence of events that underpin the claims. 377 F.3d at 405.
(citations omitted).  This Court therefore should not look only
to the events that preceded the loan at issue in this case.

Moreover, the events leading up to the unpaid loan at
issue are not what this lawsuit is about.  This lawsuit is
about an unpaid debt.  There is no allegation of fraud in the
inducement, false promises, or the like.  The allegations of
the Complaint setting out the dealings between plaintiff Bozell
and Erickson prior to the February 2006 loan to Compass Care
provide the context of the loan and Erickson's personal
guaranty of that loan.

The first two Counts of the Complaint allege breach of
contract; the breach is the failure to pay plaintiff Bozell,
who is a resident and domiciliary of this judicial district.
Complaint § 1.  That failure to pay – the breach – constitutes
a salient **omission**, one that occurred in this judicial
district.  Count three is based on the bounced check that was
delivered to Bozell in this judicial district, presented by
Bozell to his bank in this judicial district, and returned for
insufficient funds, in violation of Virginia law.  Complaint §§

21 and 22.  The bounced check is the critical **event** that occurred in this judicial district and gives rise to Count three.  Thus, in the words of 28 U.S.C. § 1391 (a)(2), "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

The Eastern District of Virginia is not an improper venue and dismissal is therefore not warranted under 28 U.S.C.  § 1406 (a).

### 2.  Motion to Transfer Venue

Section 1406(a) authorizes this Court, as an alternative remedy, to transfer this lawsuit to another judicial district in which it could have been brought.  The same relief can be granted under 28 U.S.C. § 1404(a).  But there is no reason to transfer venue in this case.

This lawsuit is about an unpaid loan.

- Which was solicited in writing in this judicial district.  Complaint § 9.

- For which Erickson gave a written guaranty of payment in a writing he sent into this judicial district. Complaint § 11.

- Which he purported to pay by sending his personal check to this judicial district.  Complaint § 20.

- His check was dishonored in this judicial district. Complaint § 21.

- After which he then sent partial payment of the loan to this judicial district.  Complaint § 22.

Defendants have tried to manufacture links with South Dakota by focusing on the location from which Compass Care solicited the loan at issue, and where Erickson was when he guarantied repayment of the loan.  But this case is not about defendants' intentions when they promised to repay the loan; it is about their failure to pay it.  In their Motion, defendants admit that, "There is no allegation of fraud or misrepresentations against the Defendants.  Simply that the Plaintiff invested money in Defendant Compass and expected to be paid back on a certain date which has not occurred."  Motion at 11.  Exactly.

This case is about an unpaid plaintiff in this judicial district.  There is nothing in South Dakota that is essential to this case except the defendants, neither of whom had any difficulty exploiting this judicial district when they wanted to borrow money.  Neither the alternative remedy contained in 28 U.S.C. § 1406(a), nor the change of venue statute, 28 U.S.C. § 1404(a), justifies transferring venue of this case to the United States District Court for the District of South Dakota, and defendants' request for that relief should therefore be denied.

                L. Brent Bozell, III
                  By Counsel


_____/s/_____
Robert R. Sparks, Jr.
VSB#12879
Counsel for L. Brent Bozell, III
Sparks & Craig, LLP
6862 Elm Street, Suite 360
McLean, Virginia 22101
Phone:  (703) 848-4700
FAX: (703)893-7371
rrsparks@sparkscraig.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy V. Anderson
Anderson & Associates, Inc.
2396 Court Plaza Dr., Suite 200
Virginia Beach, Virginia 22314
Email: timanderson@virginialawoffice.com


_____/s/_____
Robert R. Sparks, Jr.
VSB#12879

Counsel for L. Brent Bozell, III
Sparks & Craig, LLP
6862 Elm Street, Suite 360
McLean, Virginia 22101
Phone:  (703) 848-4700
FAX: (703)893-7371
rrsparks@sparkscraig.com